STEVE ENOTT, Plaintiff and Respondent, *v.* JOHN HINKLE and NELLIE HINKLE, His Wife, and PHILIP MILLER, Defendants and Appellants.

No. 10224.

Submitted December 5, 1961. Decided February 27, 1962.
Rehearing Denied March 15, 1962.
369 P.2d 413.

Emmett C. Angland and Joseph R. Marra, argued orally, Great Falls, for appellants.

Wuerthner & Wuerthner, John P. Wuerthner, argued orally, Great Falls, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This action seeks a declaratory judgment construing an oral farm lease. The cause was tried before the court sitting without a jury. Judgment was entered for the plaintiff and defendants have taken this appeal.

From the record it appears that for a number of years the

plaintiff had leased certain farm land from the defendants under an oral crop sharing arrangement. In the Fall of 1958 the parties had several conversations regarding their oral lease. The defendants contend that they asked the plaintiff to farm some additional land, but that plaintiff advised them he was through. The defendants thereafter informed the plaintiff that they had another tenant to farm the land. Defendants further contend that plaintiff evidenced his intention to terminate the lease by proceeding to move all his personal property and farm machinery from the premises.

The plaintiff's version of the conversation was that he had never been told definitely that his lease was terminated, and that he was led to believe he could have another year. Both parties agree that the defendants were to be entitled to the 1959 crop which had been planted in the Fall of 1958.

The controversy which resulted in this lawsuit arose in 1959 when both the plaintiff and the defendants' new tenant began to farm the land in question.

After the trial the court made findings of fact, conclusions of law, and a judgment and entered them as one document.

The defendants failed to take exceptions to the findings as required by section 93-5306, R.C.M.1947. Plaintiff cites the well-established rule that the findings must be excepted to before the trial court will be put in error. However, defendants attack the findings for what they declare, not for the absence of findings or because of omissions in the findings, and in such case the rule contended for by the plaintiff has no application. Atlantic-Pacific Oil Co. v. Gas Development Co., 105 Mont. 1, 69 P.2d 750.

The defendants have assigned many specifications of error. The principal argument advanced is that there were so many errors and inconsistencies in the findings and judgment that the trial court could not have fully understood or appreciated the facts or law involved in the case.

Both parties admit that the court's computation of the num-

ber of acres of summer fallowing done by the plaintiff is in error. After assuring this court that the computation was merely a matter of simple mathematics, both parties added up the acreage and both came to different results. On the North Place the trial court found plaintiff did 634 acres of summer fallowing; defendants found 380.1 acres; and plaintiff found 598.6. There is a similar discrepancy involving another parcel of land known as the West Place.

As to the court's finding as to the date the oral lease was entered into, the finding of fact was that the oral lease was entered into ''in the Spring of 1948, in the month of March.'' The undisputed testimony is that defendant did not own the land in question at that time. The error is compounded by the conclusion of law which states the lease was entered into in ''March 1951'', and the judgment which states the lease was entered into ''prior to the year 1950.''

The court went outside the record in making findings as to matters occurring after the trial of the case. This case was tried in September 1960, yet it was found as a matter of fact that plaintiff could not seed the land to barley in the Spring of 1961.

The court in several other instances of varying importance made findings on which there was no evidence or where the uncontradicted evidence was in conflict with the findings and judgment. It will serve no purpose to set out these matters in detail since at least some of them are not material to the merits of this lawsuit. However, these erroneous discrepancies in the findings and judgment and the confused state of the record lend credence to defendants' contention that the correct theory of the case was misunderstood or misapplied.

Plaintiff, on the other hand, urges that these errors are relatively unimportant or immaterial and that under section 93-216, R.C.M.1947, this court may correct them. We find that the record is in such condition that neither this nor any other court could effect the necessary corrections.

A great deal of the confusion and inconsistency in this case arose because of a failure to establish the term of the lease. Plaintiff alleged the lease ran from harvest to harvest. Defendants testified it ran from the beginning of the calendar year to the end of the calendar year. The trial court made no findings on this point.

As in the case of any contract, the term of the lease was a matter of agreement between the parties. *There was no testimony in this case that the parties had ever mutually made an agreement.* In fact the plaintiff testified there never was an agreement as to the term of the lease. In the absence of an agreement or usage on the subject the hiring "is presumed to be for one year from its commencement." R.C.M.1947, § 42-203. We find the evidence was entirely insufficient to show either a mutual agreement or usage and the record is completely confused as to when the lease commenced.

This failure to establish the lease term has lead to some bizarre results. Plaintiff contends written notice is required before the lease can be terminated. He cites in support of this proposition section 93-9703, subd. 2, R.C.M.1947, which provides that in the case of agricultural lands there must be a "demand of possession or notice to quit" if the tenant "retained possession for more than sixty days after the expiration of his term." In this case the failure to establish the term of the lease makes the law impossible to apply.

It is our further observation that all the facts brought forth in this case derive their significance from their relation to the expiration date of the lease. Without such date the case is hopelessly confused.

We do not wish to appear overly critical of anyone engaged in the trial of this lawsuit. An oral contract between laymen presents a difficult case at best, and this particular case was extremely nebulous.

We find ourselves in this case faced with the same problem as in the case of Horst v. Staley, 101 Mont. 543, 549, 54 P.2d

876, 878, where this court stated:

"* * * Ordinarily, in equity cases, where a judgment cannot be supported or sustained, this court may review all the evidence and direct the entry of a proper judgment. [Citing statute.] Here we believe that such a course is not wise. [Citing case.] The evidence upon some of the important points involved is very meager and confused. Therefore, in the circumstances as presented, we think that there should be a new trial of the cause, and thereupon the district judge will have an opportunity of seeing and hearing the witnesses, and will be in a much more advantageous position to determine correctly the issues than this court."

In light of our disposition of this case we do not deem it necessary to decide other questions raised on this appeal.

For the foregoing reasons the judgment is reversed and the cause remanded with instructions to grant a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.